# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | |
|---|---|
| **DAVID AND MARGARET PATTERSON,** § § | |
| *Plaintiffs,* § | **CIVIL ACTION NO. _____** |
| **v.** § § | **JURY** |
| **STATE FARM LLOYDS,** § § | |
| *Defendant.* § | |

## DEFENDANT STATE FARM LLOYDS' NOTICE OF REMOVAL

Defendant State Farm Lloyds files this Notice of Removal, because diversity of citizenship jurisdiction exists under 28 U.S.C. § 1332.

## PROCEDURAL BACKGROUND

1. Plaintiffs David and Margaret Patterson filed this action on December 2, 2019, against State Farm Lloyds in the 56th Judicial District Court of Galveston County, Texas. The case was docketed under cause number 19CV-2202 (the "State Court Action").

2. State Farm Lloyds was served with citation and Plaintiffs' Original Petition on December 9, 2019. The statutory deadline to remove this action under 28 U.S.C. §1446(b)(1) is 30 days after Defendant's receipt of the initial pleading.

3. State Farm Lloyds timely files this Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 56th Judicial District Court of Galveston County, Texas to the United States District Court for the Southern District of Texas, Galveston Division.

4. State Farm Lloyds filed its Original Answer on December 27, 2019.

## NATURE OF THE SUIT

5.  This lawsuit involves a dispute over the handling and alleged under-payment of Plaintiffs' claim for damages allegedly caused by a storm in Dickinson, Texas that occurred on or about January 8, 2018.[1] Plaintiffs assert causes of action against State Farm Lloyds for: (1) breach of the insurance contract; (2) violations of the Texas Insurance Code; (3) violations of the DTPA; (4) violations of the Prompt Payment of Claims Act; (3) breach of the duty of good faith and fair dealing; (4); and fraud (5).[2]

## BASIS FOR REMOVAL

6.  The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

**A.  Diversity of the Parties**

7.  Removal is proper because there is and was complete diversity between the parties under 28 U.S.C. § 1332 both at the time of the filling of Plaintiffs' Original Petition and at the time of its removal to this Court.

8.  Plaintiffs were, at the time of filing this lawsuit, and still are, citizens of Galveston County, Texas and reside in Galveston County, Texas.[3]

9.  State Farm Lloyds was at the time this action was commenced, and still is, a citizen of Illinois. State Farm Lloyds is a "Lloyds Plan" organized under Chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters

---

[1] Plaintiffs' Original Petition, ¶ 9.
[2] *Id.* at ¶ 29 - 52.
[3] *Id.* at ¶ 2.

who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes.[4]

**B.   Amount in Controversy**

10.   Plaintiffs do not ask for a sum certain in damages in their Petition, and instead, "seek only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees."[5] Plaintiffs also contend that "the amount in controversy does not exceed $75,000 at this time."[6]

11.   Defendant may prove the amount in controversy exceeds $75,000.00 by setting forth facts that support a finding of the requisite amount.[7]

12.   Plaintiffs seek property damages in the amount of $34,404.75.[8] Additionally, Plaintiffs seek treble damages or exemplary damages for "knowing and intentional" conduct, eighteen percent interest, court costs, attorney's fees, pre-judgment interest, and post-judgment interest.[9]

13.   Plaintiffs' claimed "economic damages" are $34,404.75.[10] If Plaintiffs' prove knowingly or intentionally wrongful conduct, Plaintiffs may recover at least $103,214.25 at trial ($34,404.75 x 3).[11]

14.   Accordingly, the "amount in controversy" requirement of 28 U.S.C. § 1332(a) is satisfied because Plaintiffs seek damages in excess of $75,000.00.

---

[4]   *See Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).
[5]   *See* Plaintiffs' Original Petition, ¶ 66.
[6]   *See* Plaintiffs' Original Petition, ¶ 66.
[7]   *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).
[8]   See Plaintiffs' Original Petition, ¶ 59.
[9]   *See* Plaintiffs' Original Petition, ¶ 59 – 66.
[10]  *See* Plaintiffs' Original Petition, ¶ 59.
[11]  Tex. Ins. Code § 541.152; Plaintiffs' Original Petition, ¶ 60; *Puente v. State Farm Lloyds*, Civil Action No. B-15-190, 2016 U.S. Dist. LEXIS 58103, at *12-14 (using treble damages figure to calculate amount in controversy over exemplary damages figure because the treble damage figure yields a higher amount in controversy).

## REMOVAL IS PROCEDURALLY CORRECT

15. This notice of removal is timely under 28 U.S.C. § 1446(b). State Farm Lloyds was served with process on December 9, 2019.

16. Venue is proper in this division under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action has been pending.

17. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders served upon State Farm Lloyds in the State Court Action are attached to this notice as Exhibit B.

18. Additionally, all documents required by Local Rule 81 to be filed with this Notice of Removal are attached and indexed in Exhibit A.

19. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will promptly be given to all parties and to the clerk of the 56th Judicial District Court of Galveston County, Texas.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, State Farm Lloyds demands a trial by jury.

## PRAYER

Defendant respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. Defendant also requests any additional relief to which it may be entitled.

Respectfully submitted,

By: __/s/ M. Micah Kessler__
M. Micah Kessler
State Bar No. 00796878
S.D. Tex. I.D. 21206
Nistico, Crouch & Kessler, P.C.
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com

**ATTORNEY FOR DEFENDANT**

**OF COUNSEL:**
Jazmine J. Ford
State Bar No. 24109881
S.D. Tex. I.D. 3451248
Email: jford@nck-law.com

### CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was duly served upon counsel of record by U.S. Mail, certified return receipt requested and electronic service on January 7, 2020, as follows:

Chad T. Wilson
Thomas J. Landry
The Chad T. Wilson Law Firm,
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
**VIA ECF**
**VIA EMAIL - eservice@cwilsonlaw.com**
**cwilson@cwilsonlaw.com**
**tlandry@cwilsonlaw.com**

  _/s/ Jazmine J. Ford_
Jazmine J. Ford

5