# EXHIBIT B

# EXHIBIT B-1

## Case Information

19-CV-2202 | David Patterson Et Al vs. State Farm Lloyds

| | | |
|---|---|---|
| Case Number | Court | Judicial Officer |
| 19-CV-2202 | 56th District Court | Cox, Lonnie |
| File Date | Case Type | Case Status |
| 12/02/2019 | Contract - Debt - Commercial/Consumer | Active |

## Party

Plaintiff
Patterson, David

Address
455 East Medical Center Blvd
Webster TX 77598

Active Attorneys ▾
Lead Attorney
Wilson, Chad
Retained

Plaintiff
Patterson, Margaret

Address
455 East Medical Center Blvd
Webster TX 77598

Active Attorneys ▾
Lead Attorney
Wilson, Chad
Retained

Defendant
State Farm Lloyds

Address
Corporation Service Company, 211 East 7th Street,
Suite 620
Austin TX 78701-3218

Active Attorneys ▾
Lead Attorney
Kessler, M. Micah
Retained

## Events and Hearings

12/02/2019 Original Petition - OCA ▾

Patterson_POP.pdf

Comment
Jury fee paid no service at thios time

12/02/2019 Request for Civil Service ▾

Patterson_Req for Service to IC.pdf

Comment
1 citation to issue assigned to RG

12/02/2019 Status Conference Sheet ▾

Status Conference Sheet

Comment
E-Mailed to atty

12/03/2019 Receipt Acknowledge ▾

Receipt Acknowledge

Comment
e-mail receipt from atty.

12/03/2019 Citation Issuance - Work Product ▾

Citation Issuance - Work Product

Comment
Issued 1 citation @ $8.00 along with status conference. Emailed to
attorneys office /RG

12/03/2019 Receipt Acknowledge ▾

Receipt Acknowledge

Comment
E-mail confirmation for 1 Citation

12/26/2019 Return of Service on Citation/Subpoena ▾

ROS-STATE FARM LLOYDS.pdf

Comment
ROS-STATE FARM LLOYDS

12/26/2019 Notice - From Court of Setting Date ▾

Notice - From Court of Setting Date

Judicial   Event
Officer          Status Conference 02/27/20 @ 930am
Cox, Lonnie

12/27/2019 Original Answer ▾

Defendant's Original Answer

Comment
Defendant's Original Answer

02/27/2020 Status Conference ▾

Judicial Officer
Cox, Lonnie

Hearing Time
9:30 AM

# Financial

Patterson, David

| | | |
|---|---|---|
| Total Financial Assessment | | $338.00 |
| Total Payments and Credits | | $338.00 |

| Date | Type | Receipt # | Party | Amount |
|---|---|---|---|---|
| 12/2/2019 | Transaction Assessment | | | $330.00 |
| 12/2/2019 | Payment | Receipt # 2019-41362-DC | Patterson, David | ($330.00) |
| 12/2/2019 | Transaction Assessment | | | $8.00 |
| 12/2/2019 | Payment | Receipt # 2019-41365-DC | Patterson, David | ($8.00) |

## Documents

Patterson_POP.pdf

Patterson_Req for Service to IC.pdf

Status Conference Sheet

Receipt Acknowledge

Citation Issuance - Work Product

Receipt Acknowledge

ROS-STATE FARM LLOYDS.pdf

Notice - From Court of Setting Date

Defendant's Original Answer

# EXHIBIT B-2

Filed: 12/2/2019 2:43 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 38894584
By: Ann Vaughn
12/2/2019 4:15 PM

CAUSE NO. 19-CV-2202 _____

| | | |
|---|---|---|
| DAVID AND MARGARET PATTERSON, | § | IN THE DISTRICT COURT OF |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| V. | § | GALVESTON COUNTY, TEXAS |
| | § | |
| STATE FARM LLOYDS, | § | Galveston County - 56th District Court |
| | § | |
| DEFENDANT. | § | _____ JUDICIAL DISTRICT |

## PLAINTIFFS' ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, David and Margaret Patterson, ("Plaintiffs"), and file **Plaintiffs' Original Petition, Jury Demand, and Request for Disclosure**, complaining of State Farm Lloyds ("State Farm Lloyds") (or "Defendant") and for cause of action, Plaintiffs respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.    Plaintiffs intend to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.    Plaintiffs, David and Margaret Patterson, reside in Galveston County, Texas.

3.    Defendant, State Farm Lloyds, is an insurance company engaged in the business of insurance in the State of Texas. Plaintiffs request service of citation upon State Farm Lloyds through its registered agent for service: **Corporation Service Company, 211 East 7th Street, Suite 620, Austin, Texas, 78701-3218**. Plaintiffs request service at this time.

Status Conference set for 2-27-20 e-mailed to atty

**JURISDICTION**

4. The Court has jurisdiction over State Farm Lloyds because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of State Farm Lloyds's business activities in the state, including those in Galveston County, Texas, with reference to this specific case.

**VENUE**

5. Venue is proper in Galveston County, Texas because the insured property is located in Galveston County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Galveston County, Texas.   TEX. CIV. PRAC. & REM. CODE § 15.032.

**FACTS**

6. Plaintiffs assert claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiffs own an State Farm Lloyds insurance policy, number 53-LV-7849-1 ("the Policy").   At all relevant times, Plaintiffs owned the insured premises located at 8210 Di Palermo Road Texas City, Texas 77591 ("the Property").

8. State Farm Lloyds or its agent sold the Policy, insuring the Property, to Plaintiffs.   State Farm Lloyds or its agent represented to Plaintiffs that the Policy included wind and hailstorm coverage for damage to Plaintiffs' home.   State Farm Lloyds has refused the full extent of that coverage currently owed to Plaintiffs.

9. On or about January 8, 2018, the Property sustained extensive damage resulting from a severe storm that passed through the Dickinson, Texas area.

2

10. In the aftermath of the wind and hailstorm, Plaintiffs submitted a claim to State Farm Lloyds against the Policy for damage to the Property. State Farm Lloyds assigned claim number 533808F76 to Plaintiffs' claim.

11. Plaintiffs asked State Farm Lloyds to cover the cost of damage to the Property pursuant to the Policy.

12. Damaged areas of the property include, but are not limited to the roof, vents, flashings, windows, window screens, fascia, gutters, downspouts, and HVAC system. The storm compromised the integrity of the roof allowing water to enter, causing water damage to the following areas of the interior: the living room, hallway, kitchen, dining room, bedroom, bathroom, subroom: bathroom (1), subroom: closet 2 (2), subroom: closet 1 (3), office, master bedroom, master bathroom, subroom: room2 (2), subroom: closet (1), master closet, and laundry room.

13. State Farm Lloyds assigned or hired Curtis Holland to adjust the claim.

    a. Holland had a vested interest in undervaluing the claims assigned to him by State Farm Lloyds in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiffs' Third-Party Adjuster's is evidence of fraud on the part of Holland. The valuation of damages that were included in Holland's report compared to Plaintiffs' Third-Party Adjuster's is also evidence of fraud on the part of Holland.

    b. Furthermore, Holland was aware of Plaintiffs' deductible before visiting the Property to conduct the inspection. Holland had advanced knowledge of the amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

     c.  Holland made misrepresentations as to the amount of damage Plaintiffs' Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiffs' Property.

     d.  Holland made further misrepresentations to Plaintiffs' during his inspection. Holland used his expertise to fabricate plausible explanations for why visible damage to Plaintiffs' Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

14.    State Farm Lloyds, through its agents, namely Holland, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

15.    Holland found that there was no wind or hail damage to the property.

16.    After application of the policy deductible, Plaintiffs were left without adequate recovery to complete proper repairs on Plaintiffs' home

17.    To date, Plaintiffs has received $17,314.56 for damage to Plaintiffs' Property. The property damages have been determined by and through the appraisal process in the amount of $34,404.75.

18.    Since due demand was made on June 27, 2018, State Farm Lloyds has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiffs' claim properly.

19.    As stated above, Defendant failed to assess the claim thoroughly. Based upon Defendant's

grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim properly, State Farm Lloyds failed to provide full coverage due under the Policy.

20. As a result of State Farm Lloyds's failure to provide full coverage, along with State Farm Lloyds's delay tactics to avoid reasonable payment to Plaintiffs, Plaintiffs have suffered damages.

21. State Farm Lloyds failed to perform its contractual duties to Plaintiffs under the terms of the Policy. Specifically, State Farm Lloyds refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiffs.

22. Defendant's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between State Farm Lloyds and Plaintiffs.

23. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendant has not attempted to settle Plaintiffs' claim in a fair manner, even though Defendant was aware of its liability to Plaintiffs under the Policy. Specifically, Defendant has failed to timely pay Plaintiffs' coverage due under the Policy.

24. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendant failed to provide Plaintiffs a reasonable explanation for not making the full payment under the terms of the Policy.

25. Defendant's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement

Practices. TEX. INS. CODE §541.060(a)(4). Defendant refused to provide full coverage due to Plaintiffs under the terms of the Policy. Specifically, State Farm Lloyds, through its agents, servants, and representatives, namely Holland, performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiffs' losses on the Property.

26.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendant failed to reasonably accept or deny Plaintiffs' full claim within the statutorily mandated time after receiving all necessary information.

27.   Defendant's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendant failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendant has delayed payment of Plaintiffs' claim longer than allowed, and Plaintiffs has not received full payment for the claim.

28.   Defendant's wrongful acts and omissions forced Plaintiffs to retain the professional services of the attorneys and law firm representing Plaintiffs with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT STATE FARM LLOYDS
### BREACH OF CONTRACT

29.   All allegations above are incorporated herein.

30.   State Farm Lloyds is liable to Plaintiffs for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It

follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between State Farm Lloyds and Plaintiffs.

31.    State Farm Lloyds's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiffs.

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

32.    All allegations above are incorporated herein.

33.    State Farm Lloyds's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060(a).  All violations under this article are actionable by TEX. INS. CODE §541.151.

34.    State Farm Lloyds's unfair settlement practice of misrepresenting to Plaintiffs material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(1).

35.    State Farm Lloyds's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(2)(A).

36.    State Farm Lloyds's unfair settlement practice of failing to provide Plaintiffs a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(3).

37. State Farm Lloyds's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiffs constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

38. State Farm Lloyds's unfair settlement practice of refusing to pay Plaintiffs' claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
### THE PROMPT PAYMENT OF CLAIMS

39. All allegations above are incorporated herein.

40. State Farm Lloyds's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable by TEX. INS. CODE §542.060.

41. State Farm Lloyds's failure to notify Plaintiffs in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

42. State Farm Lloyds's delay in paying Plaintiffs' claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

43. All allegations above are incorporated herein.

44. State Farm Lloyds's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

8

45.     State Farm Lloyds's failure to adequately and reasonably investigate and evaluate Plaintiffs' claim, although, at that time, State Farm Lloyds knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

### DTPA VIOLATIONS

46.     All allegations above are incorporated herein.

47.     State Farm Lloyds's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63.  Plaintiffs are a consumer of goods and services provided by State Farm Lloyds pursuant to the DTPA.  Plaintiffs has met all conditions precedent to bringing this cause of action against State Farm Lloyds. Specifically, State Farm Lloyds's violations of the DTPA include, without limitation, the following matters:

  A. By its acts, omissions, failures, and conduct, State Farm Lloyds has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA.  State Farm Lloyds's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiffs' claim, (2) failure to give Plaintiffs the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiffs' property when liability has become reasonably clear, which gives Plaintiffs the right to recover under section 17.46(b)(2).

  B. State Farm Lloyds represented to Plaintiffs that the Policy and State Farm Lloyds's adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiffs the right to recover under section 17.46(b)(5) of the DTPA.

9

C.  State Farm Lloyds also represented to Plaintiffs that the Policy and State Farm Lloyds's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.  Furthermore, State Farm Lloyds advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.  State Farm Lloyds breached an express warranty that the damages caused by wind and hail would be covered under the Policy.  This breach entitles Plaintiffs to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.  State Farm Lloyds's actions are unconscionable in that State Farm Lloyds took advantage of Plaintiffs' lack of knowledge, ability, and experience to a grossly unfair degree.  State Farm Lloyds's unconscionable conduct gives Plaintiffs a right to relief under section 17.50(a)(3) of the DTPA; and

G.  State Farm Lloyds's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

48.  Each of the above-described acts, omissions, and failures of State Farm Lloyds is a producing cause of Plaintiffs' damages.  All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

49.  All allegations above are incorporated herein.

50.  State Farm Lloyds is liable to Plaintiffs for common-law fraud.

51.     Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiffs would not have acted as Plaintiffs did, and State Farm Lloyds knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

52.     State Farm Lloyds made the statements intending that Plaintiffs act upon them. Plaintiffs then acted in reliance upon the statements, thereby causing Plaintiffs to suffer injury constituting common-law fraud.

**KNOWLEDGE**

53.     Defendant made each of the acts described above, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiffs' damages described herein.

**WAIVER AND ESTOPPEL**

54.     Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

**DAMAGES**

55.     Since the claim was made, State Farm Lloyds has not properly compensated Plaintiffs for all necessary repairs required, which are covered under the Policy. This has caused undue hardship and burden to Plaintiffs. These damages are a direct result of Defendant's mishandling of Plaintiffs' claim in violation of the laws set forth above.

56.     Defendant made the above and other false representations to Plaintiffs, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. Defendant made these false misrepresentations with the intent that Plaintiffs act in accordance with the misrepresentations. Plaintiffs then relied on these misrepresentations, including but not

11

limited to those regarding coverage and the cause and scope of damage.  Plaintiffs suffered damages as a result.

57.   Plaintiffs would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendant has caused Plaintiffs' damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiffs' Property, and any investigative and engineering fees incurred.

58.   For breach of contract, Plaintiffs are entitled to regain the benefit of Plaintiffs' bargain, which is the amount of Plaintiffs' claim, consequential damages, together with attorney's fees.

59.   The property damages have been determined by and through the appraisal process in the amount of $34,404.75.

60.   For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiffs are entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiffs asks for three (3) times Plaintiffs' actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

61.   For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiffs are entitled to the amount of Plaintiffs' claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

62.   For breach of the common-law duty of good faith and fair dealing, Plaintiffs are entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of

12

duty, such as additional costs, economic hardship, losses due to nonpayment of money State Farm Lloyds owed, and exemplary damages.

63.    Defendant's breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiffs' rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiffs seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for its wrongful conduct and to set an example to deter Defendant and others from committing similar acts in the future.

64.    For fraud, Plaintiffs are entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

65.    For the prosecution and collection of this claim, Plaintiffs has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiffs are entitled to recover a sum for the reasonable and necessary services of Plaintiffs' attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

66.    As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind,

penalties, costs, expenses, pre-judgment interest, and attorney's fees. This statement from Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000 at this time. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

67.     Under Texas Rules of Civil Procedure 190 and 194, Plaintiffs requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

68.     Plaintiffs hereby request a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Galveston County, Texas. Plaintiffs hereby tender the appropriate jury fee.

## PRAYER

Plaintiffs pray that Defendant, State Farm Lloyds, be cited and served to appear, and that upon trial hereof, Plaintiffs, David and Margaret Patterson, have and recover from Defendant, State Farm Lloyds, such sums as would reasonably and justly compensate Plaintiffs in accordance with the rules of law and procedure, as to actual, consequential, and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages, as may be found. In addition, Plaintiffs request the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiffs' behalf, for pre-judgment and post-judgment interest as allowed by law; and for any other and further relief, at law or in equity, to which Plaintiffs, David and Margaret Patterson, may show Plaintiffs are justly entitled.

14

Respectfully submitted,

CHAD T WILSON LAW FIRM, PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com
cwilson@cwilsonlaw.com
tlandry@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFFS

**LEGAL DOCUMENT MANAGEMENT**
5930 LBJ FREEWAY SUITE 307
DALLAS, TEXAS 75240



CERTIFIED MAIL

7019 0140 0000 4210 9444



US POSTAGE
$07.75
First-Class
Mailed From 75240
12/03/2019
032A 0061855100

**CORPORATION SERVICE COMPANY**
**211 E. 7th STREET., #620**
**AUSTIN, TEXAS  78701**



# EXHIBIT B-3

## CITATION

**THE STATE OF TEXAS**

**DAVID PATTERSON ET AL VS. STATE FARM LLOYDS**

**Cause No.: 19-CV-2202**
**56th District Court of Galveston County**

TO:   **State Farm Lloyds**
      **Registered Agent Corporation Service Company**
      **211 East 7th Street Suite 620**
      **Austin TX 78701-3218**

---

**GREETINGS: YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a written answer with the Clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days from the date you were served this citation and petition/motion, a default judgment may be taken against you.**

---

Said written answer may be filed by mailing same to: District Clerk's Office, 600 59th Street, Suite 4001, Galveston, Texas 77551-2388. The case is presently pending before the **56th District Court** of Galveston County sitting in Galveston, Texas, and the **Original Petition - OCA** was filed **December 02, 2019**. It bears cause number **19-CV-2202** and see the attached petition/motion for named parties to the suit.

Issued and given under my hand and the seal of said court at Galveston, Texas, **on this the 3rd day of December, 2019.**

Issued at the request of:
Chad Wilson
The Chad T Wilson Law Firm PLLC
455 East Medical Center Blvd Suite 555
Houston TX 77598



**John D. Kinard**, District Clerk
Galveston County, Texas


By _____ Robin Gerhardt, Deputy

---

## The District Courts of Galveston County, Texas Status Conference Notice
## Please calendar this event

| All Status Conferences will be set for Thursdays (subject to exceptions for county holidays) | | | | |
|---|---|---|---|---|
| Court Name | Status Conference Time | Court Phone Number | | |
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

## Date :02/27/2020 set in the 56th District Court - Judge Lonnie Cox

## RETURN OF SERVICE

| Case no. 19-CV-2202 | In the 56th District Court |
|---|---|

David Patterson Et Al vs. State Farm Lloyds

Come to hand on _____ at _____ o'clock _____.m., and executed in _____County, Texas by delivering to each of the within named party in person, a true copy of the CITATION with the delivery endorsed thereon, together with the accompanying copy of the **Original Petition - OCA** at the following times and places, to wit:

To:  **State Farm Lloyds**
**Registered Agent Corporation Service Company**
**211 East 7th Street Suite 620**
**Austin TX 78701-3218**

| SERVED: | | ADDRESS/LOCATION | |
|---|---|---|---|
| **DATE** | **TIME** | **PLACE, COURSE, AND DISTANCE FROM COURT HOUSE** | **MILEAGE** |
| | | | |
| | | | |
| | | | |

and **NOT** executed as to said above named defendant for the reasons shown below:

The diligence used in finding said within named defendant and the **cause or failure to execute** this process is for the following

reason:_____

FEES: Serving CITATION and copy  $_____

TOTAL FEES AND MILEAGE $ _____

Mileage _____ miles @ $_____ per mile    Total $_____

Signed on _____day of _____ , 20_____        **Officer**

**County, TX**

**Deputy /Officer Signature**

### COMPLETE IF YOU ARE A PERSON OTHER THAN A SHERIFF, CONSTABLE, OR CLERK OF COURT

In accordance with **rule 107 (c)**.The officer or authorized person who serves, or attempts to serve, a citation shall sign the return. The signature is not required to be verified. **If the return is signed by a person other than a sheriff, constable, or clerk of the court the return shall be signed under penalty of perjury and contain the following statement.**

"My name is _____, my date of birth is_____
    (First)        (Middle)        (Last)

And my address is _____
    Street, City, State, Zip, County

"I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT."

Executed in _____, County, State of _____ , on _____.

| Declarant/Authorized Process Server Signature | ID# and expiration of certification |
|---|---|

# EXHIBIT B-4

Filed: 12/27/2019 2:38 PM
JOHN D. KINARD - District Clerk
Galveston County, Texas
Envelope No. 39526208
By: Rolande Kain
12/27/2019 2:43 PM

## CAUSE NO. 19-CV-2202

| | | |
|---|---|---|
| **DAVID AND MARGARET PATTERSON,** | § | **IN THE DISTRICT COURT OF** |
| *Plaintiff*, | § | |
| | § | |
| | § | **GALVESTON COUNTY, TEXAS** |
| **v.** | § | |
| | § | |
| **STATE FARM LLOYDS,** | § | **56TH JUDICIAL DISTRICT** |
| *Defendant*. | § | |

---

## DEFENDANT'S ORIGINAL ANSWER

---

Defendant State Farm Lloyds files this Original Answer to Plaintiffs' Original Petition:

## I.
## GENERAL DENIAL

1.     Defendant generally denies all material allegations contained in Plaintiffs' Original Petition, and any amendment thereto, and demands strict proof thereof as allowed under the laws of the State of Texas. By this general denial, Defendant requires Plaintiffs to prove every fact to support the claims in Plaintiffs' Original Petition, and any amendment thereto, by a preponderance of the evidence.

## II.
## DEFENSES

2.     **Policy Coverage Provisions.** Under the Insuring Agreement, Plaintiffs bear the burden to prove the actual cash value of damage resulting from an occurrence of accidental direct physical loss to the insured property during the policy period. Plaintiffs lack proof of damages resulted from any accidental direct physical loss during

the policy period beyond those damages paid by State Farm subject to a reservation of rights after the contractual appraisal award.

3. **Estoppel.** Plaintiffs' breach of contract claim is barred by State Farm's payment of the appraisal award. Plaintiffs are estopped from contesting whether State Farm complied with the insurance contract and estopped from contesting actual damages under the insurance contract based on State Farm's payment of the appraisal award.

4. **Payment of Award Bars Extra-Contractual Claims Flowing from Policy Benefits.** Because the amount of loss has been determined by appraisal and paid by State Farm, Plaintiffs have not sustained any damages that could allow them to maintain any extra-contractual cause of action. Specifically, Plaintiffs are not entitled to any additional policy benefits and they have not alleged any facts that would give rise to damages that do not flow from policy benefits or that otherwise constitute an independent injury.

5. **Limit of Liability.** State Farm's liability, if any, is limited to the amount of the policy limits under the subject policy, pursuant to the "Limit of Liability" and other clauses contained in the policy sued upon.

6. **Deductible/Offset.** Defendant is entitled to an offset or credit against Plaintiffs' damages, if any, in the amount of Plaintiffs' $7,836.00 deductible, as well as an additional offset or credit in the amount of State Farm's payments to Plaintiffs, as well as an additional offset or credit in the amount of State Farm's payments to Plaintiffs that total $17,314.56.

2

7. **Loss Settlement Provision/Condition: Replacement Cost Benefits**. Under the Insuring Agreement, Plaintiffs must first repair or replace the damaged property to recover replacement cost benefits and the Policy limits such coverage to costs "necessarily" spent to repair the damaged property. The Policy specifically provides:

**FE-3533.2 HOMEOWNERS POLICY ENDORSEMENT (Texas)**

**SECTION I - LOSS SETTLEMENT**

**COVERAGE A-DWELLING**

Items 1. and 2. are replaced by the following:

**1. A1** - **Replacement Cost Loss Settlement - Similar Construction.**

  a. We will pay the cost to repair or replace with similar construction and for the same use on the premises shown in the **Declarations,** the damaged part of the property covered under **SECTION I - COVERAGES, COVERAGE A - DWELLING,** except for wood fences, subject to the following:

  (1) until actual repair or replacement is completed, we will pay only the actual cash value at the time of the loss of the damaged part of the property, up to the applicable limit of liability shown in the **Declarations**, not to exceed the cost to repair or replace the damaged part of the property;

  (2) when the repair or replacement is actually completed, we will pay the covered additional amount you actually and necessarily spend to repair or replace the damaged part of the property, or an amount up to the applicable limit of liability shown in the **Declarations,** whichever is less;

  (3) to receive any additional payments on a replacement cost basis, you must complete the actual repair or replacement of the damaged part of the property within two years after the date of loss, and give prompt notice to us after the work has been completed; and

  (4) we will not pay for increased costs resulting from enforcement of any ordinance or law regulating the construction, repair or demolition of **a** building or other structure, except as provided under **Option OL - Building Ordinance or Law Coverage.**

3

Plaintiffs lack proof of completed repairs or replacement to any covered property damage connected with their insurance claim, and regardless, the most Plaintiffs can recover under the Policy is the actual cost of Plaintiffs' necessary repairs. As such, Plaintiffs' recovery in this case, if any, is limited to the actual cash value of the covered property damage.

8.      **Wear and Tear, Deterioration** Plaintiffs' claims are barred, in whole or in part, because the damages and losses alleged in Plaintiffs' Original Petition, none being admitted, were proximately caused in whole or in part by wear and tear and related aging issues. The policy at issue provides that wear and tear does not fall under the coverage of the policy:

**SECTION I – LOSSES NOT INSURED**

1.   We do not insure for any loss to the property described in Coverage A which consists of, or is directly and immediately caused by, one or more of the perils listed in items a. through n. below, regardless of whether the loss occurs suddenly or gradually, involves isolated or widespread damage, arises from natural or external forces, or occurs as a result of any combination of these:
                                      * * * * *

   g.   wear, tear, marring, scratching, deterioration, inherent vice, latent defect or mechanical breakdown…

Part of the property damages Plaintiffs are claiming to their roof and other areas of the property occurred over time through wear and tear, and deterioration. These conditions are not insured under the policy at issue.

9.      **Bona Fide/Legitimate Dispute.** A bona fide/legitimate dispute exists precluding Plaintiffs' recovery of damages under extra-contractual theories including for violations of the Texas Insurance Code or any other statutory or common law authority.

10.     **Cap on Punitive Damages.** TEX. CIV. PRAC. AND REM. CODE §41.001, *et seq.,* applies and punitive damages awarded, if any, are subject to the statutory limit set

forth therein, other applicable statutory authority, and the common law. Further, unless Plaintiffs prove Defendant's liability for punitive damages, and the amount of punitive damages, if any, by clear and convincing evidence, any award of punitive damages would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Section 19 of Article 1 of the Texas Constitution.

**PRAYER**

Defendant prays that Plaintiffs take nothing by their claims, and that Defendant recover its costs, fees, and expenses, and such other further relief to which Defendant may show itself to be justly entitled to, in law and in equity.

Respectfully submitted,

**NISTICO, CROUCH & KESSLER, P.C.**

By:   */s/ M. Micah Kessler*
      M. Micah Kessler
      State Bar No. 00796878
      Jazmine J. Ford
      State Bar No. 24109881
1900 West Loop South, Suite 800
Houston, Texas 77027
Telephone: (713) 781-2889
Telecopier: (713) 781-7222
Email: mkessler@nck-law.com
Email:  jford@nck-law.com

**COUNSEL FOR DEFENDANT**

5

## <u>CERTIFICATE OF SERVICE</u>

I certify that a true and correct copy of the foregoing instrument was served on all parties through counsel of record in compliance with Rules 21 and 21a of the Texas Rules of Civil Procedure on December 27, 2019, in the manner(s) prescribed below:

Chad T. Wilson
Bar No. 24079587
Thomas J. Landry
Bar No. 24099161
455 East Medical Center Boulevard, Suite 555
Webster, Texas 77598
**VIA EFILE**

*/s/ Jazmine J. Ford*
Jazmine J. Ford

6

# EXHIBIT B-5

**The District Courts of Galveston County, Texas Status Conference Notice**

**Please calendar this event**

**All Status Conferences will be set for Thursdays (subject to exceptions for county holidays)**

| Court Name | Status Conference Time | Court Phone Number | | |
|---|---|---|---|---|
| 10th District Court | @ 9:00 A.M. | 409-766-2230 | Fax | 409-770-5266 |
| 56th District Court | @ 9:30 A.M. | 409-766-2226 | Fax | 409-770-5264 |
| 122nd District Court | @ 9:30 A.M. | 409-766-2275 | Fax | 409-770-6265 |
| 212th District Court | @ 9:00 A.M. | 409- 766-2266 | Fax | 409-765-2610 |
| 405th District Court | @ 10:00 A.M. | 409-765-2688 | Fax | 409-765-2689 |

**Date: 02/27/2020  set in the 56th District Court**

| Case Number: | 19-CV-2202 |
|---|---|
| **Case Style:  David Patterson Et Al vs. State Farm Lloyds** | |

*Helpful Information: Please visit our website at*
*http://www.galvestoncountytx.gov/dc/Pages/default.aspx*

*FAQ*

*Forms*

*Fee Schedules*

*Remote Access to on-line case record searches*

*Contact and Mailing information*

*Passport Services*

*E Filing Information*

*Helpful Links to Legal Resources and sites*

**Notice: If this case is filed as an expedited action pursuant to Rule 169 of the Texas Rules of Civil Procedure, please contact the Court to inform them of the same as soon as possible.**